B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Felica W Robey<br>1713 W Savannah Ave<br>Valdosta, GA 31601 | NewRez, LLC dba Shellpoint MortgageServicing<br>Attn: Baron Silverstein, CEO<br>1100 Virginia Drive, Ste. 125<br>Fort Washington, PA 19034 |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Orson Woodall 775040<br>Woodall & Woodall<br>1003 N. Patterson Street<br>P.O. Box 3335<br>Valdosta, GA 31604-3335<br>(229) 247-1211 Fax: (229) 247-1636 | |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| [✓] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor    [ ] Other<br>[ ] Trustee | [ ] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[✓] Creditor    [ ] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses,
false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary,
embezzlement, larceny

(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation
(other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ] 71-Injunctive relief - imposition of stay
[XX] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state
court if unrelated to bankruptcy case)

| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>    Felica W Robey | | BANKRUPTCY CASE NO.<br>    14-70522 |
| DISTRICT IN WHICH CASE IS PENDING<br>    **Middle District of Georgia** | DIVISION OFFICE<br>    **Valdosta Division** | NAME OF JUDGE<br>    Judge, John T. Laney, III |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br><br>    /s/William Woodall<br><br>    William Woodall 775043 | | |
| DATE<br>    November 20, 2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>    William Woodall 775043 | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**

| | | |
|---|---|---|
| In Re: | * | Chapter 13 |
| | * | Case No. 14-70522 |
| Felica W. Robey | * | |
| | * | |
| Debtor. | * | Judge John T. Laney, III |
| | * | |
| Felica W. Robey | * | Adversary Proceeding |
| | * | Case No. |
| Plaintiff. | * | |
| vs. | * | |
| | * | |
| New Rez LLC d/b/a/ | * | |
| Shellpoint Mortgage Servicing | * | |
| Defendant. | * | |

## COMPLAINT FOR VIOLATION OF 11 U.S.C. §105 AND §524(a)

COMES NOW, Felica W. Robey ("Ms. Robey" and "Debtor/Plaintiff"), through their

attorney, and files this Complaint for Violation of 11 U.S.C. §105 and §524(a) and requests damages

and sanctions, shows the Court as follows:

## JURISDICTION AND VENUE

1.

This Complaint is seeking enforcement of the discharge order entered by this Court on March

18, 2020 and damages resulting from the violation of the 11 U.S.C. §105 and §524(a) .

2.

This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A). This court has jurisdictioin

over this matter pursuant to 11 U.S.C. §105 and Fed. R. Bankr. R. 9020. The Plaintiff consents to

the entry of final orders and/or judgment by the Bankruptcy Court in this adversary proceeding case.

3.

Pursuant to 28 U.S.C. §1409(a), venue for the above styled case is properly found in the

United States Bankruptcy Court for the Middle District of Georgia, Valdosta Division.

4.

NewRez LLC ("NewRez") is a creditor in the above referenced bankruptcy case. Corporation Service Company, is a Registered Agent of NewRez LLC with a mailing address of NewRez LLC, c/o Corporation Service Company, 40 Technology Parkway South, suite 300, Norcross, GA 30092. The principal office address is 1100 Virginia Dr., Suite 125, Fort Washington, PA 19034. The president and chief executive officer is Baron Silverstein.

## ALLEGATIONS

5.

Plaintiff filed a chapter 13 bankruptcy on April 29, 2014.

6.

Defendant held a pre-petition claim against the Debtor secured by a mobile home. Green Tree Servicing LLC held the debt on April 29, 2014. At some point during the bankruptcy, Ditech Financial LLC became holder of the debt. Towards the end or shortly after the Court entered the discharge order, NewRez LLC d/b/a as Shellpoint Mortgage Servicing became holder of the debt.

7.

In the confirmed chapter 13 plan, the Plaintiff was to pay NewRez LLC $17,000.00 @ 5%. Upon discharge, the confirmation order required the defendant to release it's lien on the mobile home.

8.

On February 11, 2020, Plaintiff completed the payments to chapter 13 trustee and this Court entered an order of discharge on March 18, 2020. Defendant was paid in accordance with the confirmed plan.

9.

After this Court entered the discharge, the Defendant sent several letters to Plaintiff requesting proof of insurance on the mobile home. Upon receipt of letter, Plaintiff's attorney contacted Defendant to advise that the lien on the mobile home had been cancelled pursuant to

the discharge order.

10.

On September 9, 2020, Defendant filed a Petition for Writ of Possession in the State Court of Lowndes County.  See Exhibit "A".  Petition was served upon Defendant on October 20, 2020.  The Writ requested that Debtor's mobile home be levied upon and Debtor and personal property be removed from the property.

11.

To avoid a default on the Writ of Possession, Plaintiff, through her attorney, filed an answer to the Writ on October 20, 2020.  See Exhibit "B"

12.

On November 2, 2020, Defendant dismissed the Writ of Possession without prejudice. To date, Defendant has failed to release its lien on the mobile home.

13.

Defendant's conduct constitutes a willful, intentional, gross, and flagrant violation of 11 U.S.C. §105.

14.

Due to Defendant's violation of 11 U.S.C. §105, Debtors should be awarded actual damages including, but not limited to, additional attorneys fee and intentional infliction of emotional distress .

15.

Due to Defendant's violation of 11 U.S.C. §105, the Debtors should be awarded punitive damages.  Pursuant to 11 U.S.C. § 105(a), the Court can enter an order awarding punitive damages, so long as the order is necessary or appropriate to carry out the provisions of the Bankruptcy Code.

16.

Defendant's conduct constitutes a willful, intentional, gross, and flagrant violation of 11 U.S.C. §524(a).

17.

Due to Defendant's violation of 11 U.S.C. §524(a), Debtors should be awarded actual damages including, but not limited to, additional attorneys fee and intentional infliction of emotional distress .

18.

Due to Defendant's violation of 11 U.S.C. §524(a), the Debtors should be awarded punitive damages.

WHEREFORE, Plaintiff respectfully requests that the Court;

1)    Order the Defendant to cease all collection activity;

2)    Order actual and punitive damages to the Plaintiffs;

3)    Order Defendant to pay Plaintiff's Attorney's Fees;

4)    Order Defendant to release its lien of the mobile home;

4)    For such other and further relief as this Court deems just and proper.

This the 23rd day of November, 2020.

/s/ William O. Woodall, Jr.
William O. Woodall, Jr.
Attorney for Plaintiff

1003 N. Patterson St.
P.O. Box 3335
Valdosta, GA 31604-3335
(229) 247-1211
Georgia Bar No. 775043

Print Form

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 2020SCV0322

| | Superior Court ☐ | Magistrate Court ☐ |
|---|---|---|
| | State Court ☐ | Probate Court ☐ |
| | Juvenile Court ☐ | |

Date Filed _____

Georgia, __LOWNDES__ COUNTY

Attorney's Address

Tom Sears - Padgett Law Group

6267 Old Water Oak Rd. Suite 203

Tallahassee, FL 32312

NewRez LLC dba Shellpoint Mortgage

Servicing, its successors or assigns

Plaintiff

VS.

Name and Address of Party to Served

Felicia W. Lane or Party in Possession

1713 West Savannah Avenue

Valdosta, GA 31601

Lane, Felicia W. or Party in Possession

_____

Defendant

_____

_____

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant _Felicia Lane_ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant _____ a corporation

☐ by leaving a copy of the within action and summons with _____
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
☐ designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant   PLEASE DO NOT USE. IF APPLIES, PLEASE TACK & MAIL.
☐ not to be found in the jurisdiction of this Court.

This _10_ day of _20_____, 20 _20_

DEPUTY

Dep J. _____

EXHIBIT A

IN THE STATE COURT OF LOWNDES COUNTY
STATE OF GEORGIA

LOWNDES COUNTY, GEORGIA
FILED IN OFFICE

2020 OCT 16 AM 8: 30

*Beth C. Greene*

CLERK OF SUPERIOR STATE
JUVENILE COURTS

NEWREZ LLC D/B/A SHELLPOINT MORTGAGE
SERVICING
ITS SUCCESSORS OR ASSIGNS,

CIVIL ACTION

Plaintiff.

FILE NO.  2020SCV0322

vs.

FELICIA LANE or
PARTY IN POSSESSION,

Defendant.

_____/

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

The Defendant herein are hereby commanded and required personally or by attorney to file with the Clerk of the State Court of Lowndes County, Lowndes County Courthouse ,

### 327 N. Ashley Street, 1st Floor Valdosta, GA 31601

within seven (7) days from the date service of the within Affidavit and Summons, or on the first business day thereafter if the seventh (7th) day falls on a Saturday, Sunday, or legal holiday, then and there to answer said Affidavit in writing or orally. If the Defendant fail to answer on or before the seventh (7th) day from the date of service, the Defendant may reopen the default as a matter of right by making an answer within seven (7) days after the date of the default notwithstanding the provision of Code Section 9-11-55 of the Official Code of Georgia Annotated. If the seventh (7th) day is a Saturday, Sunday, or a legal holiday, the answer may be made on the next day which is not a Saturday, Sunday, or a legal holiday. Thus if the Defendant open the Default, the Defendant have fourteen (14) days from the date of service to file an answer. The last possible date on which the Defendant may answer is the _____ day of October, 2020. If an answer is not so made, a Writ of Possession shall issue against said Defendant as by law provided, pursuant to Plaintiff's Affidavit.

Witness the Honorable John K Edwards Jr, Judge of said Court.

This  16  day of October, 2020.

*Jadrey Tutt*

Dp CLERK, STATE COURT OF LOWNDES COUNTY

Service perfected on
Defendant, this _____
day of October, 2020

EXHIBIT A

LOWNDES COUNTY, GEORGIA
Lowndes County - State Court
2020SCV0322
9/8/2020 3:58 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

## IN THE STATE COURT OF LOWNDES COUNTY
## STATE OF GEORGIA

NEWREZ LLC D/B/A SHELLPOINT MORTGAGE
SERVICING
ITS SUCCESSORS OR ASSIGNS,                          CIVIL ACTION

        Plaintiff.                          FILE NO.   2020SCV0322

vs.

FELICIA W. LANE or
PARTY IN POSSESSION,

        Defendant.

_____/

### PETITION FOR WRIT OF POSSESSION

NOW COMES, the Plaintiff herein, NewRez LLC d/b/a Shellpoint Mortgage Servicing, Its Successors or Assigns (Plaintiff), and respectfully shows the Court the following:

1.

The above-named Defendant is a resident of Lowndes County and can be served at 1713 West Savannah Avenue, Valdosta, GA 31601, and is subject to the jurisdiction of this Court.

2.

Plaintiff is entitled to enforce the Manufactured Home Retail Installment Contract Georgia ("Contract"), retaining a security interest in a 1998 Fleetwood Hickory Hill, Manufactured Home Serial Number(s):GAFLV35A13745HH11, GAFLV35B13745HH11, together with all fixtures, furniture and appliances purchased with the manufactured home, attached hereto as Exhibit "A" and Certificates of Title, attached hereto as Exhibit "B", as attorney-in-fact for Shellpoint Mortgage Servicing under a Power of Attorney attached hereto as Exhibit "C" and made a part hereof. Said Contract is in default and Plaintiff is entitled to a Writ of Possession of said manufactured home in accordance with the provisions of O.C.G.A. § 44-14-230, et seq.

3.

Said manufactured home is presently located at 1713 West Savannah Avenue, Valdosta, GA 31601.

4.

The Contract attached hereto contains a provision relative to the payment of attorney's fees in addition to the principal and interest which the Plaintiff intends to enforce. The Defendant has ten (10) days from receipt of this Notice to pay the principal and interest without incurring additional liability for attorney's fees. **If Defendant's personal liability for this debt has been modified or extinguished by a discharge in bankruptcy, then this Paragraph shall not be construed as Plaintiff's attempt to collect the discharged personal obligation; rather Plaintiff is only seeking to enforce the security interest and recover possession of the property and any modified obligation as allowed per such bankruptcy Order.**

EXHIBIT A

The Plaintiff desires and has demanded possession of said premises and the same has been refused by said Defendant.  In addition, Plaintiff is requesting that a warrant issue for the removal of the Defendant, together with personal property of the Defendant from the property.

**WHEREFORE**, Plaintiff respectfully requests that summons issue in accordance with the provisions of O.C.G.A. § 44-14-230, et seq., and that a Writ of Possession issue and that said property be levied upon in accordance with the provisions of O.C.G.A. § 44-14-230, et seq., and that Defendant and personal property of the Defendant be removed from the property.

**RESPECTFULLY SUBMITTED** this 26th day of August, 2020.

By:

PADGETT LAW GROUP
TOM SEARS, ESQ. GBN# 633810
JENNIFER MCCALL, ESQ. GBN# 511342
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312
(850) 422-2520 (telephone)
(850) 422-2567 (facsimile)
attorney@padgettlawgroup.com
*Attorneys for Plaintiff NewRez LLC d/b/a Shellpoint Mortgage Servicing*

EXHIBIT A

| MANUFACTURED HOME RETAIL INSTALLMENT CONTRACT GEORGIA | Seller WAYNE FRIER HOME CENTER OF VALDOSTA INC 3500 BEMISS ROAD VALDOSTA, GA 31605 | Buyer FELICIA W LANE 407 S. ST AUGUSTINE RD VALDOSTA, GA 31601 |
|---|---|---|
| No. _____ Date  04/27/98 | "We" and "us" mean the Seller above, its successors and assigns. | "You" and "your" mean each Buyer above, and guarantor, separately and together. |

### TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of $ 5,077.64 |
|---|---|---|---|---|
| 8.831 % | $ 84,669.93 | $ 45,696.87 | $ 130,366.80 | $ 135,444.44 |

**Payment Schedule:** Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 360 | 362.13 | Monthly Beginning On  06/01/98 |

**Security:** You are giving a security interest in the goods or property being purchased.
☐ You are giving a security interest in the real property at _____ N/A

☒ **Late Charge:** If a payment is more than ___15___ days late, you will be charged __5% of the unpaid amount of the payment or $5.00 whichever is less__

**Prepayment:** If you pay off this Contract early, you will not have to pay a penalty.

**ASSUMPTION:** Someone buying your Manufactured Home ☒ may subject to conditions be allowed to  ☐ cannot  assume this Contract on its original terms.

**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.   "e" means an estimate

---

**CREDIT INSURANCE:** Credit life, credit disability (accident and health or accident and sickness), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

**Credit Life:** Insured _____ N/A _____
☐ Single ☐ Joint  Prem. $  0.00  Term  N/A

**Credit Disability:** Insured _____ N/A _____
☐ Single ☐ Joint  Prem. $  0.00  Term  N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

_____ N/A _____        _____ N/A _____
Buyer                d/o/b  Buyer                d/o/b

_____ N/A _____        _____ N/A _____
Buyer                d/o/b  Buyer                d/o/b

**PROPERTY INSURANCE:** You are required to insure the property securing this Contract with the following minimum property insurance coverage: the lesser of the principal balance of your loan with us, or the selling price of the Manufactured Home.

You may purchase or provide the insurance through any insurance company that is reasonably acceptable to us. If you get the insurance from or through us you will pay $0.00 _____ for _____ N/A _____ of coverage.

Liability insurance coverage for bodily injury and/or property damage caused to others is NOT included in this Contract unless checked and indicated below.
☐ The following liability insurance is included in this coverage:
_____ N/A _____

### ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| Manufactured Home Price | | $ 50,117.51 |
| (including sales tax of $  3,278.71 ) | | |
| Buyer Protection/Service Plan | | |
| Paid to: _____ N/A _____ | $ 0.00 | |
| **1. Cash Price** | | $ 50,117.51 |
| Manufacturer's Rebate | $  0.00 | |
| Cash Down Payment | $  5,077.64 | |
| **2. Subtotal** | $  5,077.64 | |
| Trade-In Allowance | $  0.00 | |
| Less: Amount Owing | $  0.00 | |
| To: _____ N/A _____ | | |
| **3. Net Trade-In** $  0.00 | | |
| **4. Total Down Payment** (line 2 plus line 3) | | $  5,077.64 |
| **5. Unpaid Balance of Cash Price** (line 1 minus line 4) | | $ 45,039.87 |
| Fees Paid to Others: | | |
| Paid to Public Officials - Filing Fees Only | | $ 0.00 |
| Paid to Public Officials - Other than Filing Fees | | $ 0.00 |
| Insurance Premiums* | | $ 621.00 |
| (To: AMERICAN MODERN ) | | |
| (To: _____ N/A _____ ) | | |
| (To: _____ N/A _____ ) | | |
| To:  Tag & Title | | $ 36.00 |
| To:  POINTS | | $ 3,655.75 |
| To:  DOC STAMPS | | $ 0.00 |
| **6. Subtotal** (line 5 plus all Fees Paid to Others) | | $ 49,352.62 |
| **7. Prepaid Finance Charges** | | $ 3,655.75 |
| **Amount Financed** (line 6 minus line 7) | | $ 45,696.87 |

*We may retain or receive a portion of this amount.

GARSS1

**GEORGIA** MANUFACTURED HOME RETAIL INSTALLMENT CONTRACT
© 1998 Bankers Systems, Inc., St. Cloud, MN (1-800-397-2341) Form RESIMMLAZ-GA  3/10/97

(page 1 of 4)

Mar-28-98 01:40pm  From-BOMBARDIER CAPITAL INC.  T-964  P.08/12  F-444

EXHIBIT A

**SALE:** You agree to purchase from ⬤ the manufactured home described below, together with the related services, furnishings, appliances and accessories listed below (together referred to as "Manufactured Home"). Your purchase of the Manufactured Home is subject to the terms of this Contract. "Contract" means this document and any separate document that secures this Contract.

| Manufacturer FLEETWOOD | Model Name & Number ~~HICKOY HILL~~ Hickory/Hill | | Year 1998 |
|---|---|---|---|
| Serial Number GAFLV35AB13745-HH | Length 11 | Width 28 | Color | ☒ New ☐ Used |

Services, furnishings, appliances, and accessories include:

- ☐ Tires and Wheels   ☐ Axles   ☒ Refrigerator
- ☒ Oven/Range   51109621SM
- ☒ Washer   CH1240631   ☒ Dryer   MH0812994
- ☒ A/C Unit(s)   9803011271
- ☒ Skirting   ☐ Awning(s) _____
- ☐ Accessory Shed _____
- ☐ Services _____
- ☒ Other   STEPS _____

Location of Manufactured Home after delivery to Buyer: ~~407 S. ST AUGUSTINE RD~~ 1713 Savannah Ave VALDOSTA, GA, 31601   (Cure letter)

Description of Trade-In: N/A

☐ **BUYER PROTECTION/SERVICE PLAN:** With your purchase of the Manufactured Home, you have elected to purchase the following optional buyer protection or service plan ("Plan"). _____ N/A

The Plan covers _____ N/A _____
N/A
effect _____ N/A _____ and will be in . See the Plan documents for details.

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Manufactured Home (as defined above) and, unless prohibited by law, all present and future accessions to the Manufactured Home (except that accessions will not include "household goods" as defined in the FTC Credit Practices Rule, 16 C.F.R. 444, if we do not finance the purchase of such household goods).

☐ This Contract is also secured by a separate mortgage or deed of trust dated _____ N/A _____ , on real estate, as shown in the TRUTH IN LENDING DISCLOSURES.
The term "Property" means all property securing this Contract.

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the principal amount of $ _____ 49,352.62 _____ , plus interest on the unpaid balance at the rate(s) of _____ 8.000% _____

per year until the final scheduled payment date. Interest will begin to accrue on _____ May 2, 1998 _____
and will accrue on a _____ 30/360 _____ day basis. After the final scheduled payment date, or after you default and we demand payment, we will earn interest on the unpaid principal balance at the rate of _____ 8.000 _____ % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms of this Contract. A late charge, if provided in the TRUTH IN LENDING DISCLOSURES, will be imposed only once on a late

© 1996 Bankers Systems, Inc., St. Cloud, MN (1-800-397-2341) Form RSSIMHLA2-GA 3/10/97

payment. A late charge will not be collected on the next scheduled payment, but interest will continue to accrue at the applicable contract rate.

**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED.

☐ **ESCROW:** You ☐ may, but are not required to ☐ must pay certain expenses and fees from an escrow account. If an escrow account is established, it will be governed by a separate agreement.

**GENERAL TERMS:** You agree to purchase the Manufactured Home over time. The Total Sale Price shown in the TRUTH IN LENDING DISCLOSURES assumes that all payments will be made as scheduled. The actual amount you will pay may be more or less depending on your payment record.

The law of Georgia will govern this transaction. It is also governed by applicable federal laws and regulations. The federal Alternative Mortgage Transactions Parity Act may also apply.

We do not intend to charge or collect any interest or fee that is more than the applicable law allows. If we charge or collect any amount over what the law allows, we will apply the excess first to the principal balance, and we will refund any excess if you have paid this Contract in full.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

If any provision of this Contract is not enforceable, this Contract will remain enforceable without such provision. If we agree with you to any exceptions to the promises or assurances in this printed Contract, such agreement must be in writing and signed by us.

**PREPAYMENT:** YOU MAY PREPAY THIS CONTRACT IN FULL OR IN PART AT ANY TIME WITHOUT PENALTY. Any partial prepayment will not excuse any later scheduled payments until you pay in full.

You may obtain from us, or the insurance company named in your policy (or certificate of insurance), a refund of any unearned insurance premiums.

**OWNERSHIP AND DUTIES TOWARD PROPERTY:** By giving us a security interest, real estate mortgage, or deed of trust in the Property, you agree to the following:

- A. You will defend our interests in the Property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Property valid.
- B. The security interest you are giving us in the Property comes ahead of the claim of any other creditor except as agreed to in writing by us. You agree to sign any additional documents or provide us with any additional information we may require to keep the priority of our claim to the Property. You will not do anything to change our interest in the Property.
- C. You will keep the Property in your possession in good condition and repair. You will use the Property for its intended and lawful purposes. Unless otherwise agreed in writing, the Manufactured Home will be located at the "Location of Manufactured Home after delivery to Buyer" provided in this Contract.
- D. You will not try to sell or transfer any rights in the Property without our prior written consent.
- E. The Manufactured Home will remain personal property until this Contract is paid in full. Unless we give you prior written consent, you will not allow the Manufactured Home to become a part of real estate or to otherwise lose its treatment as personal property under applicable law.
- F. You will pay all taxes, fees, expenses, and assessments on the Property when due.
- G. You will notify us of any loss or damage to the Property. You will provide us reasonable access to the Property for the purpose of inspection.

**DEFAULT:** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

- A. You fail to make a payment when it is due
- B. You fail to perform any obligation that you have undertaken in this Contract (which includes doing something you have agreed not to do).

GARSS2
(page 2 of 4)

Mar-28-98  01:40pm   From-BOMBARDIER CAPITAL, INC.   T-964   P.012/021   F-444

EXHIBIT A

If you default, you agree to pay our costs for collecting amounts owing, including, without limitation, court costs, attorneys' fees (when referred to an individual who is not our salaried employee), and fees for repossession, repair, storage, and sale of the Property securing this Contract. Attorneys' fees will be in an amount equal to 15% of the principal and interest owing and will be subject to the notice and right to cure provisions set forth in Ga. Code Ann. § 13-1-11 (a)(3).

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**NOTICE OF DEFAULT:** If you are in default, we will send you a Notice of Default and Notice of Right to Cure Default ("Notice") when required by law. The Notice will explain why you are in default and how you can cure it. We will not accelerate the unpaid balance of this Contract, repossess or foreclose on any Property until after we send you the Notice and give our cure period it describes has passed. We may not be required to send you a Notice if (1) you have abandoned the Manufactured Home, (2) you received two Notices in the prior one-year period, or (3) other extreme circumstances exist.

**REMEDIES:** If you are in default on this Contract, we have all of the remedies provided by law, this Contract, and any separate personal property security agreement, real estate mortgage, or deed of trust. Before using a remedy, we will send you any notice and wait for any cure period that the law may require for that remedy. Our remedies include the following:

A. We may require you to immediately pay us, subject to any refund required by law, the entire principal balance, plus earned interest and all other agreed charges.

B. We may, but are not required to, pay taxes, fees, expenses, assessments, or other liens or make repairs to the Property if you have not done so. Any amount we pay will be added to the amount you owe us and will be due immediately. This amount will earn interest from the date paid at the rate(s) described in the PROMISE TO PAY AND PAYMENT TERMS section. We may require that you establish and fund an escrow account if one is not already required.

C. We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.

D. We may immediately take possession of the Property by judicial process. We may also proceed without judicial process but in doing so we may not breach the peace or unlawfully enter onto your premises. We may then sell the Property and apply what we receive to our reasonable expenses and then toward your obligations, as allowed by law.

E. Except when prohibited by law, we may sue you for additional amounts if the sale proceeds do not pay all you owe us.

Paragraphs C. and D. (above) apply only to personal property security interests. If this Contract is secured by a mortgage or deed of trust, then the foreclosure of such interest may impose other duties and limitations on our rights and remedies, as provided by law and the mortgage or deed of trust.

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. If we do not act on an event of default, we do not give up our right to later treat that type of event as a default.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law) When real estate is the security, other rules may apply.

You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. Notice of intent to dispose of the personal property will be delivered to you as required by law.

If the U.S. Department of Housing and Urban Development insures this Contract under its Title 1 Property Improvement and Manufactured Home Regulations, our right to make you pay off this entire Contract is subject to the limitations of those regulations.

**WAIVER AND ASSIGNMENT OF EXEMPTIONS:** You waive and renounce all exemptions as they relate to any interest in the Property given as security for this Contract. You assign to us sufficient amount of said exemptions to pay the amount due under this Contract. You direct any trustee to deliver to us a sufficient amount of such secured Property claimed as exempt to pay off the amount so allowed on this debt.

**RETURNED CHECK CHARGE:** If you tender a check, draft, or order to us in payment of any obligations under this Contract which is not honored upon presentation within 30 days after delivery, we will provide you with written notice that such payment was refused. If the amount due is not tendered within 10 days after receipt by you of the written notice, we may charge and collect from you a returned check charge in the amount of $25.00 or 5% of the face amount of the check, draft or order, whichever is greater.

**INSURANCE:** You agree to buy insurance on the Property with the types and amounts of coverage indicated in the PROPERTY INSURANCE section, or as we otherwise require. You must name us as loss payee on any such policy. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. If insurance proceeds paid to us do not pay off this Contract, you are responsible for the balance. You will keep the insurance in effect until this Contract is paid in full. If the premium for property insurance is included in the Amount Financed and the insurance is canceled or terminated before this Contract is paid in full, then you agree to give us any premium refund or rebate that you receive. We will credit the refund or rebate to the amount you owe us. We may, at our option, allow you to use the refund or rebate to help pay for replacement insurance that you purchase.

If you do not keep these promises, we may buy insurance to protect our interest in the Property. The insurance we buy may include coverages beyond those we require you to buy and may be from a company you might not choose. The rate we pay may be higher than a rate you might have to pay if you buy it yourself. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn interest from the date paid at the applicable contract rate(s).

**OBLIGATIONS INDEPENDENT:** Each of you who signs this Contract is independently responsible to pay it and to keep the other promises made in this Contract. This is true even if:

A. Someone else has also signed it.

B. We release or do not try to collect from another who is also responsible to pay this Contract.

C. We release any security or do not try to take back any Property

D. We give up any other rights we may have.

E. We extend new credit or renew this Contract

**WARRANTIES:** We will provide any warranty information to you separately.

**WAIVER:** To the extent permitted by law, you agree to give up your rights to require us to do certain things. You do not give up any rights that are provided in this Contract (for example, see the NOTICE OF DEFAULT section). Unless the law or this Contract provide otherwise, we are not required to: (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time, or manner; or, (3) give notice that we intend to make, or are making, this Contract immediately due.

**ASSIGNMENT:** This Contract is assigned to Assignee (identify):

<u>BOMBARDIER CAPITAL INC</u>

<u>Mortgage Division</u>

This assignment is made under the terms of a separate agreement made between the Seller and Assignee.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

GARSS3

(page 3 of 4)

© 1996 Bankers Systems, Inc., St. Cloud, MN (1-800-397-2341) Form RSSIMHLAZ-GA 3/10/97    T-964    P.08/21    F-444

Mar-28-88  01:41pm    From-BOMBARDIER CAPITAL INC.



EXHIBIT A

## Notice to the Buyer

Do not sign this Contract before you read it or if it contains any blank spaces. You are entitled to an exact copy of the Contract you sign.

**BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1, 2, 3 AND 4 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.**

Buyer(s):

X _Felicia W. Lane_ _4/27/98_
Signature FELICIA W LANE          Date

X _____
Signature                         Date

X _____
Signature                         Date

X _____
Signature                         Date

SELLER'S SIGNATURE:

X _Julian A. Parker_____
Name and Title WAYNE FRIER HOME CENTER OF VALDOSTA INC
        Julian A. Parker, Sec. of Corp.

Disbursement Date: _5/4/98_ ▓▓▓▓▓▓▓ (This date is for Title 1 HUD insurance purposes and may be completed after the Contract is signed to reflect the actual disbursement date, and not any estimated disbursement date. It may appear only on the original form.)

© 1996 Bankers Systems, Inc., St. Cloud, MN (1-800-397-2341) Form HSSIMMLAZ-GA 3/10/97

MANUFACTURED HOMES - NOT FOR MODULAR HOMES

GARSS4

(page 4 of 4)

EXHIBIT A



**STATE OF GEORGIA** — **Certificate of Title** — **STATE OF GEORGIA**

THIS TITLE MUST BE TRANSFERRED IMMEDIATELY UPON CHANGE OF VEHICLE OWNERSHIP

| MANUFACTURER'S ID NO. | MAKE | YR. MODEL | TYPE OF BODY | MODEL | CYL. | DATE ISSUED |
|---|---|---|---|---|---|---|
| GAFLV35A13745HH11 | FLEETWOOD | 98 MB HME | 4603D | | | 06-06-98 |

| DATE VEHICLE PUR. | FUEL | NEW OR USED | ODOMETER | PREVIOUS TITLE NO. | STATE OF ISSUE OF LIENS | COLOR | CURRENT TITLE NO. |
|---|---|---|---|---|---|---|---|
| 04-27-98 | | NEW | | | 1 | | 34781882 |

OWNER
LANE FELICIA W
407 S ST AUGUSTINE RD
VALDOSTA    GA    31601

* ODOMETER READING IS ACTUAL MILEAGE OF THE VEHICLE UNLESS OTHERWISE INDICATED BELOW.
MAIL TO

BOMBARDIER CAPITAL INC
12735 GRAN BAY PKY S STE 1000
JACKSONVILLE FL    32258

1ST LIEN OR SECURITY INTEREST
BOMBARDIER CAPITAL INC
12735 GRAN BAY PKY S STE 1000
JACKSONVILLE FL    32258

2ND LIEN OR SECURITY INTEREST

3RD LIEN OR SECURITY INTEREST

RELEASE OF LIEN OR SECURITY INTEREST

| DATE OF RELEASE | SECURITY INTEREST HOLDER | AUTHORIZED AGENT |
|---|---|---|
| 1ST LIEN | | BY |
| 2ND LIEN | | BY |
| 3RD LIEN | | BY |

The Georgia Department of Revenue hereby certifies that an Application duly made by the person named herein is registered by this Department as the lawful owner of the vehicle described, subject to the liens or security interests herein set forth and such liens or security interests as may subsequently be filed with the Commissioner. This Certificate of Title is issued pursuant to the Motor Vehicle Certificate of Title Act and is subject to the provisions thereof.

38025829

STATE REVENUE COMMISSIONER

6-19-98

EXHIBIT A



STATE OF GEORGIA **Certificate of Title** STATE OF GEORGIA

THIS TITLE MUST BE TRANSFERRED IMMEDIATELY UPON CHANGE OF VEHICLE OWNERSHIP

MANUFACTURER'S I.D. NO.  MAKE  YR  TYPE OF BODY  MODEL  CYL  DATE ISSUED
GAFLV35B13745HH11  FLEETWOOD  98  MB HME  4603D  06-06-98

DATE VEHICLE PUR.  FUEL  NEW OR USED  ODOMETER*  PREVIOUS TITLE NO.  STATE OF ISSUE  NO. OF LIENS  COLOR  CURRENT TITLE NO.
04-27-98  NEW  1  34781881

OWNER
LANE, FELICIA
407 S ST AUGUSTINE RD
VALDOSTA  GA  31601

1ST LIEN OR SECURITY INTEREST
BOMBARDIER CAPITAL INC
12735 GRAN BAY PKWY W STE 1000
JACKSONVILLE  FL  32258

2ND LIEN OR SECURITY INTEREST

3RD LIEN OR SECURITY INTEREST

RELEASE OF LIEN OR SECURITY INTEREST
DATE OF RELEASE  SECURITY INTEREST HOLDER  AUTHORIZED AGENT
1ST LIEN  BY
2ND LIEN  BY
3RD LIEN  BY

* ODOMETER READING IS ACTUAL MILEAGE OF THE VEHICLE UNLESS OTHERWISE INDICATED BELOW.
MAIL TO

BOMBARDIER CAPITAL INC
12735 GRAN BAY PKWY W STE 1000
JACKSONVILLE  FL  32258

The Georgia Department of Revenue hereby certifies that on Application duly made the person named herein is registered by this Department as the lawful owner of the vehicle described subject to the liens or security interests herein set forth and such liens or security interests as may subsequently be filed with the Commissioner. This Certificate of Title is issued pursuant to the Motor Vehicle Certificate of Title Act and is subject to the provisions thereof.

38025828

STATE REVENUE COMMISSIONER

EXHIBIT A

# EXHIBIT C

Document drafted by and
RECORDING REQUESTED BY:
Shellpoint Mortgage Servicing
55 Beattie Place, Ste 110
Greenville, SC 29601

**2020019989**
**10 Pgs**

P/ATTY   Book: DE 2590 Page: 0255 - 0265
March 17, 2020  01:08:56 PM
Rec: $25.00
FILED IN GREENVILLE COUNTY, SC *Tilly of Henry*

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## LIMITED POWER OF ATTORNEY

**The trusts identified on the attached Schedule A (the "Trusts"),** by and through **U.S. Bank National Association,** a national banking association organized and existing under the laws of the United States and having an office at 60 Livingston Avenue, EP-MN-WS3D, St. Paul, MN  55107, not in its individual capacity but solely as Trustee ("Trustee"), hereby constitutes and appoints NewRez LLC, f/k/a New Penn Financial, LLC, d/b/a Shellpoint Mortgage Servicing ("Servicer"), and in its name, aforesaid Attorney-In-Fact, by and through any officer appointed by the Board of Directors of Servicer, to execute and acknowledge in writing or by facsimile stamp all documents customarily and reasonably necessary and appropriate for the tasks described in the items (1) through (12) below; provided however, that (a) the documents described below may only be executed and delivered by such Attorneys-In-Fact if such documents are required or permitted under the terms of the related servicing agreements, (b) all actions taken by Servicer pursuant to this Limited Power of Attorney must be in accordance with Federal, State and local laws and procedures, as applicable and (c) no power is granted hereunder to take any action that would be either adverse to the interests of or be in the name of U.S. Bank National Association in its individual capacity.  This Limited Power of Attorney is being issued in connection with Servicer's responsibilities to service certain mortgage loans (the "Loans") held by the Trustee. These Loans are secured by collateral comprised of mortgages, deeds of trust, deeds to secure debt and other forms of security instruments (collectively the "Security Instruments") encumbering any and all real and personal property delineated therein (the "Property") and the Notes secured thereby. Please refer to **Schedule A** attached hereto.

1.   Demand, sue for, recover, collect and receive each and every sum of money, debt, account and interest (which now is, or hereafter shall become due and payable) belonging to or claimed by the Trustee, and to use or take any lawful means for recovery by legal process or otherwise, including but not limited to the substitution of trustee serving under a Deed of Trust, the preparation and issuance of statements of breach, notices of default, and/or notices of sale, accepting deeds in lieu of foreclosure, evicting (to the extent allowed by federal, state or local laws) foreclosing on the properties under the Security Instruments by judicial or non-judicial foreclosure, actions for temporary restraining orders, injunctions, appointments of receiver, suits for waste, fraud and any and all other tort, contractual or verifications in support thereof, as may be necessary or advisable in any bankruptcy action, state or federal suit or any other action.

2.   Execute and/or file such documents and take such other action as is proper and necessary to defend the Trustee in litigation and to resolve any litigation where the Servicer has an

EXHIBIT A

obligation to defend the Trustee, including but not limited to dismissal, termination, cancellation, rescission and settlement.

3. Transact business of any kind regarding the Loans, as the Trustee's act and deed, to contract for, purchase, receive and take possession and evidence of title in and to the Property and/or to secure payment of a promissory note or performance of any obligation or agreement relating thereto.

4. Execute, complete, indorse or file bonds, notes, mortgages, deeds of trust and other contracts, agreements and instruments regarding the borrowers and/or the Property, including but not limited to the execution of estoppel certificates, financing statements, continuation statements, releases, satisfactions, reconveyances, assignments, loan modification agreements, payment plans, waivers, consents, amendments, forbearance agreements, loan assumption agreements, subordination agreements, property adjustment agreements, management agreements, listing agreements, purchase and sale agreements, short sale transactions and other instruments pertaining to mortgages or deeds of trust, and execution of deeds and associated instruments, if any, conveying the Property, in the interest of the Trustee.

5. Endorse on behalf of the undersigned all checks, drafts and/or other negotiable instruments made payable to the undersigned.

6. Execute any document or perform any act in connection with the administration of any PMI policy or LPMI policy, hazard or other insurance claim relative to the Loans or related Property.

7. Execute any document or perform any act described in items (3), (4), and (5) in connection with the termination of any Trust as necessary to transfer ownership of the affected Loans to the entity (or its designee or assignee) possessing the right to obtain ownership of the Loans.

8. Subordinate the lien of a mortgage, deed of trust, or deed or other security instrument to secure debt (i) for the purpose of refinancing Loans, where applicable, or (ii) to an easement in favor of a public utility company or a government agency or unit with powers of eminent domain, including but not limited to the execution of partial satisfactions and releases and partial reconveyances reasonably required for such purpose, and the execution or requests to the trustees to accomplish the same.

9. Convey the Property to the mortgage insurer, or close the title to the Property to be acquired as real estate owned, or convey title to real estate owned property ("REO Property").

10. Execute and deliver any documentation with respect to the sale, maintenance, preservation, renovation, repair, demolition or other disposition, of REO Property acquired through a foreclosure or deed-in-lieu of foreclosure, including, without limitation: permits, remediation plans or agreements, certifications, compliance certificates, health and safety certifications, listing agreements; purchase and sale agreements; grant / limited or special warranty / quit claim deeds or any other deed, but not general warranty deeds, causing the transfer of title of the property to a party contracted to purchase same; escrow instructions; and any and all documents necessary to effect the transfer of REO Property.

EXHIBIT A

11. Servicer has the power to execute additional limited powers of attorney and delegate the authority given to it by U.S. Bank National Association, as Trustee, under the applicable servicing agreements for the Trusts listed on Schedule A, attached.

12. To execute, record, file and/or deliver any and all documents of any kind for the purpose of fulfilling any servicing duties, including but not limited to those listed in subparagraphs (1) through (11), above, where Trustee's interest is designated, stated, characterized as or includes any reference to one or more of the following: "Indenture Trustee", "Owner Trustee", "Delaware Trustee", "Successor Trustee", "Successor in Interest", "Successor to" "Successor by Merger", "Trustee/Custodian", "Custodian/Trustee" or other similar designation.

Trustee also grants unto Servicer the full power and authority to correct ambiguities and errors in documents necessary to effect or undertake any of the items or powers set forth in items (1) to (12), above.

In addition to the indemnification provisions set forth in the applicable servicing agreements for the Trusts listed on Schedule A, attached, Servicer hereby agrees to indemnify and hold the Trustee, and its directors, officers, employees and agents harmless from and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses or disbursements of any kind or nature whatsoever incurred by reason or result of the misuse of this Limited Power of Attorney by the Servicer. The foregoing indemnity shall survive the termination of this Limited Power of Attorney and the related servicing agreements or the earlier resignation or removal of the Trustee for the Trusts listed on Schedule A.

**Witness** my hand and seal this 11th day of March, 2020.

**NO CORPORATE SEAL**

On Behalf of the Trusts, by
U.S. Bank National Association, as Trustee

Witness: Saba Debesai

By: _____
    Michelle Moeller, Vice President

Witness: Angela Lee

By: _____
    Christina M. Richie, Vice President

Attest: Austin T. Sternad, Trust Officer

EXHIBIT A

## CORPORATE ACKNOWLEDGMENT

State of Minnesota

County of Ramsey

On this 11th day of March, 2020, before me, the undersigned, personally appeared Michelle Moeller, Christina M. Richie, and Austin T. Sternad, personally known to me or proved to me on the basis of satisfactory evidence, to be the individuals whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their capacities, and that by their signatures on the instrument, the individuals, executed the instrument and that such individuals made such appearance before the undersigned in the county of Ramsey, State of Minnesota

WITNESS my hand and official seal.

Signature: _Jocelyn Jerin_

My commission expires: 01/31/2025

JOCELYN JERIN
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2025

EXHIBIT A

# SCHEDULE A

| |
|---|
| U.S. Bank National Association, as Trustee, as successor to U.S. Bank Trust National Association, as Trustee, for Bear Stearns Home Loan Owner Trust 2001-A |
| U.S. Bank National Association, as Trustee, as successor to U.S. Bank Trust National Association, as Trustee, for Conseco Finance Home Loan Trust 1999-G |
| U.S. Bank National Association, as Trustee, as successor to U.S. Bank Trust National Association, as Trustee, for Conseco Finance Home Improvement Loan Trust 2000-E |
| U.S. Bank National Association, as Trustee, as successor to U.S. Bank Trust National Association, as Trustee, for Conseco Finance Home Equity Loan Trust 2001-C |
| U.S. Bank National Association, as Trustee, as successor to U.S. Bank Trust National Association, as Trustee, for Conseco Finance Home Equity Loan Trust 2001-D |
| U.S. Bank National Association, as Trustee, for Conseco Finance Home Equity Loan Trust 2002-A |
| U.S. Bank National Association, as Trustee, for Conseco Finance Home Equity Loan Trust 2002-B |
| U.S. Bank National Association, as Trustee, for Conseco Finance Home Equity Loan Trust 2002-C |
| U.S. Bank National Association, as Trustee, for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates Series 2009-C |
| U.S. Bank National Association, as Trustee, as successor to U.S. Bank Trust National Association, as Trustee, which was successor to First Trust National Association, as Trustee, for Home Improvement Loan Trust 1995-C |
| U.S. Bank National Association, as Trustee, as successor to U.S. Bank Trust National Association, as Trustee, which was successor to First Trust National Association, as Trustee, for Home Improvement Loan Trust 1995-D |
| U.S. Bank National Association, as Trustee, as successor to U.S. Bank Trust National Association, as Trustee, which was successor to First Trust National Association, as Trustee, for Home Improvement Loan Trust 1995-F |
| U.S. Bank National Association, as Trustee, as successor to U.S. Bank Trust National Association, as Trustee, which was successor to First Trust National Association, as Trustee, for Home Improvement Loan Trust 1996-A |
| U.S. Bank National Association, as Trustee, as successor to U.S. Bank Trust National Association, as Trustee, which was successor to First Trust National Association, as Trustee, for Home Improvement and Home Equity Loan Trust 1996-C |
| U.S. Bank National Association, as Trustee, as successor to U.S. Bank Trust National Association, as Trustee, which was successor to First Trust National Association, as Trustee, for Home Improvement Loan Trust 1996-D |
| U.S. Bank National Association, as Trustee, as successor to U.S. Bank Trust National Association, as Trustee, which was successor to First Trust National Association, as Trustee, for Home Improvement Loan Trust 1996-F |
| U.S. Bank National Association, as Trustee, as successor to U.S. Bank Trust National Association, as Trustee, which was successor to First Trust National Association, as Trustee, for Home Improvement and Home Equity Loan Trust 1997-B |

EXHIBIT A

| |
|---|
| U.S. Bank National Association, as Trustee, as successor to U.S. Bank Trust National Association, as Trustee, which was successor to First Trust National Association, as Trustee, for Home Improvement Loan Trust 1997-C |
| U.S. Bank National Association, as Trustee, as successor to U.S. Bank Trust National Association, as Trustee, which was successor to First Trust National Association, as Trustee, for Home Improvement Loan Trust 1997-D |
| U.S. Bank National Association, as Trustee, as successor to U.S. Bank Trust National Association, as Trustee, which was successor to First Trust National Association, as Trustee, for Home Improvement Loan Trust 1997-E |
| U.S. Bank National Association, as Trustee, as successor to U.S. Bank Trust National Association, as Trustee, which was successor to First Trust National Association, as Trustee, for Home Improvement Loan Trust 1998-B |
| U.S. Bank National Association, as Trustee, as successor to U.S. Bank Trust National Association, as Trustee, for Home Equity Loan Trust 1998-C |
| U.S. Bank National Association, as Trustee, for Green Tree 2008-HE1 |
| U.S. Bank National Association, as Trustee, for Irwin Home Equity Loan Trust 2004-1 |
| U.S. Bank National Association, as Trustee, for Irwin Home Equity Loan Trust 2005-1 |
| U.S. Bank National Association, as Trustee, for Irwin Home Equity Loan Trust 2006-1 |
| U.S. Bank, N.A., as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee, for Mid-State Capital Corporation 2005-1 Trust |
| U.S. Bank, N.A., as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee, successor by merger to First Union National Bank as Trustee, for Mid-State Trust VII |
| U.S. Bank, N.A., as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee, successor by merger to First Union National Bank as Trustee, for Mid-State Trust VIII |
| U.S. Bank, N.A., as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee, successor by merger to First Union National Bank as Trustee, for Mid-State Trust X |
| U.S. Bank, N.A., as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee, for Mid-State Trust XI |
| U.S. Bank National Association, as Trustee, for Green Tree 2008-REC1 |
| U.S. Bank National Association, as Trustee, as successor to U.S. Bank Trust National Association, as Trustee,which was successor to First Trust National Association, as Trustee, for Green Tree Recreational, Equipment & Consumer Trust 1997-D |
| U.S. Bank National Association, as Trustee, as successor to U.S. Bank Trust National Association, as Trustee, for Green Tree Recreational, Equipment & Consumer Trust 1998-C |
| U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1999-6 |
| U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2000-1 |
| U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2000-2 |
| U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2000-3 |
| U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2000-4 |

US Bank (Ditech-SMS Transfer)

EXHIBIT A

| |
|---|
| U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2000-5 |
| U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2000-6 |
| U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2001-1 |
| U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2001-2 |
| U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2001-3 |
| U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2001-4 |
| U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2002-1 |
| U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2002-2 |
| U.S. Bank National Association, as Trustee, as successor to First Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1992-2 |
| U.S. Bank National Association, as Trustee, as successor to First Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1993-1 |
| U.S. Bank National Association, as Trustee, as successor to First Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1993-2 |
| U.S. Bank National Association, as Trustee, as successor to First Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1993-3 |
| U.S. Bank National Association, as Trustee, as successor to First Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1993-4 |
| U.S. Bank National Association, as Trustee, as successor to First Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1994-1 |
| U.S. Bank National Association, as Trustee, as successor to First Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1994-2 |
| U.S. Bank National Association, as Trustee, as successor to First Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1994-3 |
| U.S. Bank National Association, as Trustee, as successor to First Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1994-4 |
| U.S. Bank National Association, as Trustee, as successor to First Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1994-5 |
| U.S. Bank National Association, as Trustee, as successor to First Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1994-6 |

US Bank (Ditech-SMS Transfer)



EXHIBIT A

| |
|---|
| U.S. Bank National Association, as Trustee, as successor to First Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1994-7 |
| U.S. Bank National Association, as Trustee, as successor to First Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1994-8 |
| U.S. Bank National Association, as Trustee, as successor to First Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1995-1 |
| U.S. Bank National Association, as Trustee, as successor to First Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1995-10 |
| U.S. Bank National Association, as Trustee, as successor to First Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1995-2 |
| U.S. Bank National Association, as Trustee, as successor to First Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1995-3 |
| U.S. Bank National Association, as Trustee, as successor to First Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1995-4 |
| U.S. Bank National Association, as Trustee, as successor to First Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1995-5 |
| U.S. Bank National Association, as Trustee, as successor to First Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1995-6 |
| U.S. Bank National Association, as Trustee, as successor to First Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1995-7 |
| U.S. Bank National Association, as Trustee, as successor to Firstar Trust Company, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1995-8 |
| U.S. Bank National Association, as Trustee, as successor to Firstar Trust Company, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1995-9 |
| U.S. Bank National Association, as Trustee, as successor to Firstar Trust Company, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1996-10 |
| U.S. Bank National Association, as Trustee, as successor to First Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1996-3 |
| U.S. Bank National Association, as Trustee, as successor to Firstar Trust Company, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1996-4 |
| U.S. Bank National Association, as Trustee, as successor to Firstar Trust Company, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1996-5 |

US Bank (Ditech-SMS Transfer)

EXHIBIT A

| |
|---|
| U.S. Bank National Association, as Trustee, as successor to Firstar Trust Company, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1996-6 |
| U.S. Bank National Association, as Trustee, as successor to Firstar Trust Company, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1996-7 |
| U.S. Bank National Association, as Trustee, as successor to Firstar Trust Company, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1996-8 |
| U.S. Bank National Association, as Trustee, as successor to Firstar Trust Company, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1996-9 |
| U.S. Bank National Association, as Trustee, as successor to Firstar Trust Company, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1997-1 |
| U.S. Bank National Association, as Trustee, as successor to Firstar Trust Company, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1997-2 |
| U.S. Bank National Association, as Trustee, as successor to Firstar Trust Company, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1997-3 |
| U.S. Bank National Association, as Trustee, as successor to Firstar Trust Company, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1997-4 |
| U.S. Bank National Association, as Trustee, as successor to Firstar Trust Company, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1997-5 |
| U.S. Bank National Association, as Trustee, as successor to Firstar Trust Company, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1997-6 |
| U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1997-7 |
| U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1997-8 |
| U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1998-1 |
| U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1998-2 |
| U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1998-3 |
| U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1998-4 |
| U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1998-5 |
| U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1998-6 |
| U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1998-7 |

US Bank (Ditech-SMS Transfer)

EXHIBIT A

6

| |
|---|
| U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1998-8 |
| U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1999-1 |
| U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1999-2 |
| U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1999-3 |
| U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1999-4 |
| U.S. Bank National Association, as Trustee, for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1999-5 |
| U.S. Bank National Association, as Trustee, for Lehman ABS Manufactured Housing Contract Senior/Subordinate Asset-Backed Certificate Trust, Series 2001-B |
| U.S. Bank National Association, as Trustee, for Lehman ABS Manufactured Housing Contract Trust 2002-A |
| U.S. Bank National Association, as Successor Trustee to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee, for Origen Manufactured Housing Contract Senior/Subordinate Asset Backed Certificates Trust, Series 2001-A |
| U.S. Bank National Association, not individually but solely as Trustee of the BankUnited Trust 2005-1 |
| U.S. Bank National Association, as Trustee, for GMACM Mortgage Loan Trust 2010-2, Mortgage Pass-Through Backed Certificates Series 2010-2 |
| U.S. Bank National Association, as Trustee, of the Rice Park Financing Whole Loan Grantor Trust 2012-1 |
| U.S. Bank National Association, as Trustee, of the Rice Park Financing Whole Loan Pass-Through Trust 2012-1 |
| U.S. Bank National Association, as trustee for Towd Point Master Funding Trust 2017-1 |
| U.S. Bank National Association, as trustee for Towd Point Master Funding Trust 2018-PM14 |
| U.S. Bank National Association, as trustee for Towd Point Master Funding Trust 2018-PM7 |
| U.S. Bank National Association, as trustee for Towd Point Master Funding Trust 2019-PM2 |
| U.S. Bank National Association, as trustee for Towd Point Master Funding Trust 2019-PM4 |

US Bank (Ditech-SMS Transfer)

EXHIBIT A

**2019088793**
3 Pgs

P/ATTY   Book: DE 2580 Page: 1228 - 1230
November 6, 2019   02:26:38 PM
Rec: $25.00
FILED IN GREENVILLE COUNTY, SC *Timothy J Nanny*

Document Drafted by and
After Recording, Return Document to:
NewRez LLC d/b/a Shellpoint Mortgage Servicing
75 Beattie Place, Suite 300
Greenville, SC 29601

## Limited Power of Attorney

Ditech Financial LLC (f/k/a Green Tree Servicing LLC) (hereinafter called the "Seller") hereby appoints NewRez LLC (f/k/a New Penn Financial, LLC) d/b/a Shellpoint Mortgage Servicing (hereinafter called the "Purchaser"), as its true and lawful attorney-in-fact to act in the name, place and stead of the Seller for the limited purposes set forth below. This Limited Power of Attorney is given pursuant to a certain Bulk Agreement for the Purchase and Sale of Servicing Rights by and between the Seller, the Purchaser and New Residential Mortgage LLC, dated as of October 1, 2019 (the "Agreement") to which reference is made for the definition of all capitalized terms herein.

Now therefore, the Seller does hereby constitute and appoint the Purchaser as the true and lawful attorney-in-fact of the Seller and in the Seller's name, place and stead with respect to each Asset as defined in the Agreement, in which Ditech Financial LLC is the current lienholder of record, for the following, and only the following purposes: transferring ownership of the Servicing Rights to the Purchaser and effectuating the efficient servicing of the Assets. The Seller names, constitutes and appoints the Purchaser as its duly authorized agent and attorney-in-fact, with full power and authority in its name, place and stead to (i) execute, acknowledge, seal and deliver any and all documents, deeds, transfers, tax declarations, certificates, modifications, affidavits, endorsements, short sales, and any other documents or instruments whatsoever which are necessary, appropriate, or required to transfer, sell, or convey real property, to correct or clear title to the related real property, to negotiate, approve and accept funds for the short sales of real property, to initiate and/or pursue foreclosure or other legal actions with respect to the Assets, including but not limited to the continuance of actions initiated by or on behalf of the Seller; (ii) initiate and take such actions, and to execute, acknowledge, seal and deliver any and all documents or instruments whatsoever, such as deeds and other documents, as are necessary, appropriate, or required to sell or convey real and personal property securing the Assets, including, but not limited to, signing deeds to convey real property acquired through foreclosure of an Asset or acceptance of a deed in lieu of foreclosure (including without limitation the completion of judicial and non-judicial foreclosure or the termination, cancellation or rescission of any such foreclosure), insurance filings and claims, bankruptcy and eviction actions, real estate transactions, and the pursuit of any deficiency, debt or other obligation, or deeds of trust to convey title from Seller to Purchaser under this Limited Power of Attorney; (iii) execute documents and instruments necessary to release any and all mortgages, deeds of trust, security instruments, liens, security interests or related documents with respect to the Assets; (iv) execute documents and instruments necessary to release/satisfy/reconvey all obligations under any promissory note or related

1

EXHIBIT A

documents with respect to the Assets; (v) execute documents and instruments necessary to assign or transfer any Mortgage Note, including, but not limited to, any allonge or endorsement related thereto; (vi) execute documents and instruments necessary to sign subordination agreements and consent to easements related to the Assets; (vii) execute such documents as are necessary to assign the Assets (including assignments of mortgages on behalf of the Seller to the Purchaser, MERS, Freddie Mac, Fannie Mae, or other applicable Person); (viii) endorse checks and other payment instruments that are payable to the order of Seller and that have been received by the Purchaser from Mortgagors or any insurer in respect of insurance proceeds related to any Asset; and (ix) execute such other documents as may be necessary or appropriate to enable the Purchaser to carry out its servicing and administrative duties with respect to the Assets.

The Seller further grants to its attorney-in-fact full authority to act in any manner both proper and necessary to exercise the foregoing powers, and ratifies every act that the Purchaser may lawfully perform in exercising those powers by virtue hereof.

This Limited Power of Attorney shall expire on the date that the Purchaser becomes mortgagee of record of such Asset.

EXHIBIT A

CERTIFICATE OF AMENDMENT
OF
CERTIFICATE OF INCORPORATION
OF
GREEN TREE FINANCIAL SERVICING CORPORATION

The undersigned, Brian F. Corey, Corporate Secretary of Green Tree Financial Servicing Corporation, a Delaware Corporation (the "Corporation"), hereby certifies that the following Resolutions were duly approved by Written Action of the Sole Stockholder and Board of Directors of the Corporation dated September 15, 1999, pursuant to Section 242 of the Delaware General Corporation Law, and that such Resolutions have not been subsequently modified or rescinded:

BE IT RESOLVED, that Article 1 of the Certificate of Incorporation of the Corporation shall be amended to read as follows:

ARTICLE 1.

The name of this corporation is Conseco Finance Servicing Corp.

FURTHER RESOLVED, that the effective date of this Amendment, as described above, shall be November 1, 1999.

FURTHER RESOLVED, that the Amendment to the Certificate of Incorporation stated above has been adopted pursuant to Section 242 of the Delaware General Corporation Law.

IN WITNESS WHEREOF, the undersigned, the Secretary of Green Tree Financial Servicing Corporation, being duly authorized on behalf of Green Tree Financial Servicing Corporation, has executed this document as of October _1_, 1999.

BRIAN F. COREY
Corporate Secretary

EXHIBIT A

*State of Delaware*

*Office of the Secretary of State*

PAGE 1

I, EDWARD J. FREEL, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT
COPY OF THE CERTIFICATE OF AMENDMENT OF "GREEN TREE FINANCIAL
SERVICING CORPORATION", CHANGING ITS NAME FROM "GREEN TREE
FINANCIAL SERVICING CORPORATION" TO "CONSECO FINANCE SERVICING
CORP.", FILED IN THIS OFFICE ON THE FIRST DAY OF OCTOBER, A.D.
1999, AT 2 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF
THE AFORESAID CERTIFICATE OF AMENDMENT IS THE FIRST DAY OF
NOVEMBER, A.D. 1999.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE
NEW CASTLE COUNTY RECORDER OF DEEDS.

Edward J. Freel, Secretary of State

2458190  8100

991417878

AUTHENTICATION:     0007505

DATE:     10-04-99

EXHIBIT A

FROM CT WILMINGTON ~ 302_655_4236                (MON) 6. 9' 03 14:45/ST. 14:44/NO. 4266103524 P 7

JUN-09-2003  11:38        CT SYSTEM                        312 345 4344    P.05/07

6  43

## STATE OF DELAWARE
## CERTIFICATE OF CONVERSION
## FROM A CORPORATION TO
## A LIMITED LIABILITY COMPANY
## PURSUANT TO SECTION 266
## OF THE DELAWARE GENERAL
## CORPORATION LAW.

This Certificate of Conversion of CONSECO FINANCE SERVICING CORP., dated and effective as of June 9, 2003, is being duly executed and filed by the undersigned, as an authorized person, to convert a corporation to a limited liability company under the Delaware General Corporation Law (8 Del.C. § 266).

1.      The name of the corporation is Conseco Finance Servicing Corp.

2.      The original name of the corporation as set forth in its original Certificate of Incorporation is Green Tree Financial Servicing Corp.

3.      The original Certificate of Incorporation of Conseco Finance Servicing Corp. was filed with the Secretary of State of the State of Delaware on December 5, 1994.

4.      The name of the limited liability company into which Conseco Finance Servicing Corp. shall be converted is Green Tree Servicing LLC.

5.      The conversion has been approved in accordance with the provisions of Section 266 of the Delaware General Corporation Law.

IN WITNESS WHEREOF, the undersigned has executed this Certificate of Conversion as of the date first above written.

By: _____
Brian P. Corey
Authorized Person

State of Delaware
Secretary of State
Division of Corporations
Delivered 01:34 PM 06/09/2003
FILED 01:34 PM 06/09/2003
SRV 030378201 - 2455190 FILE

DIVISION OF CORPORATIONS
Delivered 01:34 PM 06/09/2003
FILED 01:34 PM 06/09/2003

JUN-09-2003  11:05

EXHIBIT    A

FROM CT WILMINGTON - 302 655 4236          (MON) 6. 8' 03 14:45/ST. 14:44/NO. 4260103524 P  6

# Delaware

PAGE 1

## The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF
DELAWARE DO HEREBY CERTIFY THAT THE ATTACHED IS A TRUE AND
CORRECT COPY OF THE CERTIFICATE OF CONVERSION OF A DELAWARE
CORPORATION UNDER THE NAME OF "CONSECO FINANCE SERVICING CORP."
TO A DELAWARE LIMITED LIABILITY COMPANY, CHANGING ITS NAME FROM
"CONSECO FINANCE SERVICING CORP." TO "GREEN TREE SERVICING LLC",
FILED IN THIS OFFICE ON THE NINTH DAY OF JUNE, A.D. 2003, AT
1:34 O'CLOCK P.M.



Harriet Smith Windsor
Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 2460633

Harriet Smith Windsor, Secretary of State

DATE: 06-09-03

2458190  8100V

030317820?

EXHIBIT A

# *Delaware*

PAGE   1

## *The First State*

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT
COPY OF THE CERTIFICATE OF MERGER, WHICH MERGES:

"DITECH MORTGAGE CORP", A CALIFORNIA CORPORATION,

"DT HOLDINGS LLC", A DELAWARE LIMITED LIABILITY COMPANY,

WITH AND INTO "GREEN TREE SERVICING LLC" UNDER THE NAME OF
"GREEN TREE SERVICING LLC", A LIMITED LIABILITY COMPANY
ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE,
AS RECEIVED AND FILED IN THIS OFFICE THE THIRTEENTH DAY OF
AUGUST, A.D. 2015, AT 1:35 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF
THE AFORESAID CERTIFICATE OF MERGER IS THE THIRTY-FIRST DAY OF
AUGUST, A.D. 2015, AT 12:05 O'CLOCK A.M.

Jeffrey W. Bullock, Secretary of State

**AUTHENTICATION:  2641973**

**DATE:  08-13-15**

2458190   8100M

151168309

You may verify this certificate online
at corp.delaware.gov/authver.shtml



*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 01:35 PM 08/13/2015*
*FILED 01:35 PM 08/13/2015*
*SRV 151168309 - 2458190 FILE*

# STATE OF DELAWARE
# CERTIFICATE OF MERGER

Pursuant to Title 6, Section 18-209 of the Delaware Limited Liability Company Act, the undersigned hereby executes the following Certificate of Merger:

**FIRST:** The surviving limited liability company is **Green Tree Servicing LLC**, a Delaware limited liability company, and the corporation and limited liability company being merged into this surviving limited liability company are:

> **DT Holdings LLC**, a Delaware limited liability company, and
> **Ditech Mortgage Corp**, a California corporation.

**SECOND:** The Agreement and Plan of Merger has been approved, adopted, certified, executed and acknowledged by each of the constituent corporations and limited liability companies pursuant to Title 6, Section 18-209 of the Delaware Limited Liability Company Act.

**THIRD:** The name of the surviving limited liability company is hereby amended to **Ditech Financial LLC**, a Delaware limited liability company (as such surviving entity, the "Surviving Limited Liability Company").

**FOURTH:** The mergers are to become effective as of 12:05 AM EDT on August 31, 2015.

**FIFTH:** The Agreement and Plan of Merger is on file at 3000 Bayport Drive, Suite 880, Tampa, FL 33607, the principal place of business of the Surviving Limited Liability Company.

**SIXTH:** A copy of the Agreement and Plan of Merger will be furnished by the Surviving Limited Liability Company on request, without cost, to any stockholder or member of the constituent corporations or limited liability companies, as applicable.

[The remainder of page intentionally left blank.]

EXHIBIT A

**IN WITNESS WHEREOF,** said Surviving Limited Liability Company has caused this certificate to be signed by an authorized officer, the 4th day of August, 2015.

GREEN TREE SERVICING LLC

By: _____
Name: Wanda Lamb-Lindow
Title: Assistant Secretary

*[Certificate of Merger]*

EXHIBIT A

IN WITNESS WHEREOF, the Seller has executed this Limited Power of Attorney this 21st day of October, 2019.

DITECH FINANCIAL LLC.

By: _____
Name: Michael Squillante
Title: Chief Operations Officer

Witness: _____
Name: Debra Rosenstein

Witness: _____
Name: William Keller

ATTEST:

By: _____
Name: Laura Reichel
Title: Sr. VP, Gov't Agencies, Product Dev.
       & Industry Relations


## ACKNOWLEDGMENT

STATE OF PENNSYLVANIA
COUNTY OF MONTGOMERY

On this 21st day of ___October__, in the year 2019 before me, the undersigned, personally appeared Michael Squillante and Laura Reichel, personally known to me to be the persons who executed the within instrument as Chief Operations Officer and Sr. VP., Gov't Agencies, Product Dev. & Industry Relations, on behalf of Ditech Financial LLC (f/k/a Green Tree Servicing LLC), and they acknowledged that said instrument is the act and deed of Ditech Financial LLC (f/k/a Green Tree Servicing LLC), and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Sworn to (or affirmed) and subscribed before me this 21st day of October 2019

(SEAL)

_____
Notary Public
My Commission Expires:

Commonwealth of Pennsylvania - Notary Seal
Diana Veasey, Notary Public
Montgomery County
My commission expires March 19, 2023
Commission number 1171281

3

EXHIBIT A

LOWNDES COUNTY, GEORGIA
Lowndes County - State Court
2020SCV0322
9/8/2020 3:58 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

## IN THE STATE COURT OF LOWNDES COUNTY
## STATE OF GEORGIA

NEWREZ LLC D/B/A SHELLPOINT MORTGAGE
SERVICING
ITS SUCCESSORS OR ASSIGNS,                    CIVIL ACTION

Plaintiff.                                    FILE NO. 2020SCV0322

vs.

FELICIA LANE or
PARTY IN POSSESSION,

Defendant.

_____/

### AFFIDAVIT

Personally appeared, the undersigned who, on oath says that Affiant is the attorney for Plaintiff herein, and is authorized to make this Affidavit, and that Affiant is making this Affidavit pursuant to O.C.G.A. § 44-14-231, and further saith that the Defendant is indebted to the Plaintiff upon a Manufactured Home Retail Installment Contract Georgia ("Contract"), a true copy of which is attached hereto and made a part hereof or, in the alternative, that the Defendant is in possession of the collateral referred to in the Contract. Affiant further states that the Contract is in default. The Defendant is either now a resident of said State and County or the collateral is located in said State and County. This Affidavit is made for the purpose of foreclosing upon the Defendant and the collateral pursuant to O.C.G.A §44-14-230, et seq. The Plaintiff desires and has demanded possession of said premises and the same has been refused by said Defendant. This affidavit is made seeking that a warrant shall be issued for the removal of said Defendant, together with the personal property of the Defendant from said premises.

WHEREFORE, Plaintiff demands possession of the premises.

PADGETT LAW GROUP
TOM SEARS, ESQ.
GBN# 633810
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312
(850) 422-2520 (telephone)
(850) 422-2567 (facsimile)
attorney@padgettlawgroup.com
Attorneys for Plaintiff NewRez LLC d/b/a Shellpoint
Mortgage Servicing

Sworn to and subscribed before me this 27th day of August, 2020.

_____
Notary Public

EXHIBIT A

## IN THE STATECOURT OF LOWNDES COUNTY
## STATEOF GEORGIA

|  |  |  |
|---|---|---|
| | * | |
| | * | |
| | * | |
| NEWREZ LLC D/B/A/ SHELLPOINT | * | |
| MORTGAGE SERVICING ITS | * | |
| SUCCESSORS OR ASSIGNS | * | |
| | * | CIVIL ACTION NO.: |
| Plaintiff | * | 2020SCV0322 |
| | * | |
| v. | * | |
| | * | |
| FELICIA LANE OR | * | |
| PARTY IN POSSESSION | * | |
| | * | |
| Defendant. | * | |

## ANSWER TO PETITION FOR WRIT OF POSSESSION

COMES NOW, the Defendant, Felicia Lane, hereby answers the allegations as follows:

1.

Admit

2.

Deny.  The debt has been discharged and lien has been cancelled pursuant to the discharge order entered in bankruptcy case no. 14-70522, Middle District of Georgia, Valdosta Division.  See Exhibit 1.

3.

Admit

4.

Deny.  Defendant doesn't owe any funds to Plaintiff.

## DEFENSES

5.

Defendant filed a chapter 13 bankruptcy on April 29, 2014.

EXHIBIT B

6.

Green Tree Servicing was listed in the chapter 13 plan and the debtor proposed to pay the value of the mobile home over the life of the plan. Upon completion of the plan, Green Tree Servicing was to release its lien on the mobile home.

7.

On January 12, 2015, the Court entered the confirmation order approving the treatment of the Green Tree debt. See Exhibit 2.

8.

The debt owed to Green Tree Servicing was subsequently sold to Ditech who sold to the current Plaintiff.

9.

On February 11, 2020, Defendant completed the payments to chapter 13 trustee and the Bankruptcy Court entered a discharge order on March 18, 2020. With entry of the discharge order, the lien on mobile should have been cancelled and any remaining debt owed to Plaintiff discharged.

WHEREFORE, DEFENDANT prays:

1)    The petition for writ of possession be dismissed;

2)    Plaintiff is ordered to pay all of Defendant's fees and costs;

3)    For any other action the Court deems fair and equitable.

This 20th day of October, 2020.

/s/ William O. Woodall, Jr
William O. Woodall, Jr.
Attorney for Defendant

1003 N. Patterson St.
P.O. Box 3335
Valdosta, GA 31604
(229) 247-1211
Georgia Bar No. 775043

EXHIBIT 3

# Exhibit 1

EXHIBIT B

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | **Felica W Robey** | | Social Security number or ITIN   xxx-xx-6074 |
| | First Name   Middle Name   Last Name | | EIN   _ _ - _ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | First Name   Middle Name   Last Name | | Social Security number or ITIN   _ _ _ _ |
| | | | EIN   _ _ - _ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Middle District of Georgia** | | | |
| Case number:  **14-70522 JTL** | | | |

# Order of Discharge

12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Felica W Robey
aka Felica Wanda Lane

3/18/20

By the court:    <u>John T. Laney III</u>
United States Bankruptcy Judge

---

### Explanation of Bankruptcy Discharge in a Chapter 13 Case

This order does not close or dismiss the case.

#### Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

#### Most debts are discharged

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

#### Some debts are not discharged

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

---

Form 3180W

Chapter 13 Discharge

page 1

EXHIBIT B

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

♦ some debts which the debtors did not properly list;

♦ debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

♦ debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

♦ debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

EXHIBIT B

# Exhibit 2

EXHIBIT  B

**SO ORDERED.**

**SIGNED this 20 day of January, 2015.**



_John T. Laney, III_
**John T. Laney, III**
**United States Bankruptcy Judge**

United States Bankruptcy Court
Middle District of Georgia

|  |  |
|---|---|
| In RE:<br>Felica W. Robey<br>1713 W. Savannah Ave.<br>Valdosta, GA 31601<br><br>Debtor (s) SSN:<br>XXX-XX-6074 | Chapter 13<br><br><br>Case No. 14-70522-JTL |

Order Confirming Plan Awarding Attorney's Fees Providing Extension Of The Plan
Beyond 36 Months And Providing Payment Of A Small Percentage Plan

The debtor's(s') plan having been transmitted to all creditors; and

It having been determined, after hearing on notice, that the debtor's (s') plan, or plan as modified, complies with Section 1325 of the Bankruptcy Code, 11 U.S.C. Section 1325, and with other applicable provisions of Title 11 of the United States Code as shown by Exhibit "A" attached hereto; and sufficient cause having been shown for the length of the plan to be extended beyond thirty-six months; and the debtor(s) having testified under oath at the first meeting of creditors to facts sufficient to establish that this small percentage plan is filed in good faith as that term is defined in In Re Kitchens, 702 F.2d 885 (11th Cir. 1983); and

The Chapter 13 Trustee having recommended that the debtor's (s') plan to be confirmed; it is

ORDERED that the debtor's(s') plan, or plan as amended, which plan is attached hereto as Exhibit "A" and incorporated herein by reference, is confirmed, and the debtor(s) is furthered ordered to strictly comply with the terms of this plan and to maintain in force all insurance required by any of his contractual agreements; and it is further

ORDERED that an award of $3,000.00 is made to William Orson Woodall with Woodall & Woodall as interim compensation in this case pursuant to Section 331 of the Bankruptcy Code for the attorney services rendered in this case . The attorney has previously been paid $0.00. The Trustee is directed to pay the balance of $3,000.00 as an administrative expense; and it is further

ORDERED that all pending motions to dismiss filed by the Chapter 13 Trustee are hereby withdrawn, unless a separate order has been entered resolving the motion.

END OF DOCUMENT

P.O. Box 1907
Columbus, GA 31902
Phone (706) 327-4151
ecf@ch13trustee.com

/s/ Jon DeLoach

Jon DeLoach, GA Bar No. 217220

EXHIBIT B

RE:
Felica W. Robey
1713 W. Savannah Ave.
Valdosta, GA 31601

Case No. 14-70522-JTL

---

**Trustee's Report**

**Payment Schedule**

| Payor | Amount | Start Date | Length |
|---|---|---|---|
| Lowndes County Board Of Commissioners | $571.00 | May 29, 2014 | 7.00 |
| Lowndes County Board Of Commissioners | $650.00 | December 29, 2014 | End of Plan |

Commitment Period: 60 months

From the payments so received, the trustee shall make disbursements as follows:

| Creditor Name | Value | Description | Int | Payment |
|---|---|---|---|---|
| **Other Secured** | | | | |
| Green Tree Servicing | $17,000.00 | Mobile Home | 5.00 | $322.00 |
| **Secured - Vehicle** | | | | |
| Georgia Power Federal Credit Union | $9,275.00 | 2004 Chevy Tahoe | 4.00 | $152.86 |
| **Priority Arrearages** | | | | |
| Ga Dept Of Revenue | | Taxes | | $16.67 |
| Internal Revenue Service | | Taxes | 3.00 | $35.94 |

All 11 U.S.C. § 507 Priority claims will be paid in full over the life of the plan.

**Special Provisions:**
The standard language and specific terms contained in the Middle District of Georgia's model Chapter 13 plan and any special provisions added to the plan or modified plan by the debtor are incorporated by reference.

60 Month Base Case

0.00% will be paid to unclassified unsecured creditors.
If the plan proposes to pay less than 100% to the unsecured creditors, the debtor will pay 36 monthly payments before becoming eligible for a discharge under 11 U.S.C. 1328(a).

The Trustee recommends this plan be confirmed as it complies with all of the requirements of 11 U.S.C. Section 1325.

EXHIBIT "A"

P.O. Box 1907
Columbus, GA 31902
Phone (706) 327-4151
ecf@ch13trustee.com

/s/ Jon DeLoach

Jon DeLoach, GA Bar No. 217220

EXHIBIT B

### IN THE STATECOURT OF LOWNDES COUNTY
### STATEOF GEORGIA

|  |  |
|---|---|
| NEWREZ LLC D/B/A/ SHELLPOINT MORTGAGE SERVICING ITS SUCCESSORS OR ASSIGNS | * |
| Plaintiff | * CIVIL ACTION NO.: 2020SCV0322 |
| v. | * |
| FELICIA LANE OR PARTY IN POSSESSION | * |
| Defendant. | * |

### CERTIFICATE OF SERVICE

I certify that I have this 20th day of October, 2020, served a copy of the foregoing Answer to Petition for Writ of Possession on Tom Sears, Padgett Law Group, 6267 Old Water Oak Rd., Suite 203, Tallahassee, FL 32312 by depositing the same in the U.S. Mail in a properly addressed envelope with first class postage affixed thereon to insure delivery.

/s/ William O. Woodall, Jr.
William O. Woodall, Jr.
Attorney for Debtor

1003 N. Patterson St.
Valdosta, GA 31604-3335
(229) 247-1211
Ga. Bar No. 775043

